## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **Riki M. Woodson,** | Civil No. 07-4795 (JNE/JJG) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Warden Rios,** | |
| Respondent. | |

The above-entitled matter returns on this Court's order of December 12, 2007 and on a motion, by petitioner Riki Woodson, for an extension of time (Doc. No. 4). Mr. Woodson is representing himself. Respondent Warden Rios is represented by Gregory G. Brooker, Assistant United States Attorney. These issues are properly handled through a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(a).

Mr. Woodson commenced this litigation by filing a petition for a writ of habeas corpus on December 10, 2007. By an order on December 12, 2007, this Court dismissed the petition without prejudice, holding that his petition did not seek habeas relief and that his concerns are appropriately raised in a civil action.

As a result, the December 12 order granted Mr. Woodson time to file a complaint, which would convert this habeas corpus litigation into a civil action. The order included instructions, explaining in part that Mr. Woodson must either submit a filing fee or an application to proceed in forma pauperis. And the order provided that if Mr. Woodson did not file a complaint by January 7, 2008, this Court would recommend that this litigation be dismissed without prejudice.

On January 8, 2008, Mr. Woodson brought his current motion for an extension of time in which to file his complaint, asking that the January 7 deadline be extended another thirty days. Mr. Woodson has yet to file a complaint, and this matter has been inactive since February 2008.

As a matter of convenience, this Court gave Mr. Woodson time to cure his pleadings and move forward with his claims.  But even if Mr. Woodson was given no opportunity to cure in this matter, he still may file a new civil action.  And regardless of whether he proceeds in this matter or in a new action, he must file and serve an appropriate complaint, and either submit a filing fee or an application to proceed in forma pauperis.

Moreover, there is no operative petition or complaint in this litigation, and no claims are being litigated.  Under the circumstances, dismissal cannot cause prejudice to Mr. Woodson, and dismissal without prejudice is appropriate.  For this reason, there is no need to grant an extension of time in the current litigation.  Following dismissal, if Mr. Woodson intends to file a complaint, it is up to him to start a new and separate civil action.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Mr. Woodson's motion for additional time (Doc. No. 4) be **DENIED.**

2. This matter be **DISMISSED WITHOUT PREJUDICE,** the litigation closed and judgment entered.

Dated this 17th day of July, 2008.

  s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **July 31, 2008**.  A party may respond to the

2

objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The district court judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.